IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

CHARLES PEEBLES, JR.,

    Plaintiff,

vs.

CIVIL ACTION NO. CV603-127

BARNEY DASHER; HUGH SMITH,
and FRED BROWN,

    Defendants.

## ORDER

Plaintiff, who was formerly incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, filed an action pursuant to 42 U.S.C.A. § 1983 contesting certain conditions of his confinement while he was incarcerated at GSP. On January 26, 2005, Defendants filed a Motion for Summary Judgment. The Clerk of Court mailed a Notice to Plaintiff advising him that Defendants had filed a Motion for Summary Judgment and that a response must be filed by February 18, 2005. (Doc. No. 23.) That Notice further advised Plaintiff that:

1. If you do not timely respond to this motion . . ., the consequence may be that the Court will deem the motion unopposed, and the Court may enter judgment against you.

2. If your opponent's Statement of Material Facts sets forth facts supported by evidence, the Court may assume that you admit all such facts unless you oppose those facts with your own Statement of Material Facts which also sets forth facts supported by evidence.

3. If a summary judgment motion is properly supported, you may not rest on the allegations in your [Complaint] alone.

Plaintiff has failed to file a Response.

## STATEMENT OF THE CASE

Defendants previously filed a Motion for Partial Summary Judgment. (Doc. No. 15.) The Honorable B. Avant Edenfield adopted the undersigned's Report and Recommendation by Order dated February 9, 2005, and Plaintiff's claim that Defendants denied him access to the law library was dismissed. (Doc. No. 24.) In the remaining issue, Plaintiff asserts that he was denied his right to equal protection because other inmates were granted access to the law library while he was not.

## STANDARD OF DETERMINATION

The standard applicable to summary judgment motions is well-established in the Eleventh Circuit. Summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving part[ies are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1223 (11th Cir. 2004). An issue of fact is "material" if it might affect the outcome of the case, and an issue of fact is "genuine" when it could cause a rational trier of fact to find in favor of the nonmoving parties. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004). The court must determine "'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Id. at 1260

2

AO 72A
(Rev. 8/82)

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986)).

The moving parties bear the burden of establishing that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no genuine issues of material fact. Hickson, 357 F.3d at 1260 (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed.2d 265 (1986)). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. Id. In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Acevado v. First Nat'l Bank, 357 F. 3d 1244, 1247 (11th Cir. 2004).

## DISCUSSION AND CITATION OF AUTHORITY

Defendants contend that Plaintiff had reasonable access to the law library at GSP by periodic physical access to the law library and by requesting materials to be delivered to his cell. Defendants aver that Plaintiff requested access to the law library on nine (9) occasions and was able to utilize the library on eight (8) of those occasions. Defendants allege that Plaintiff was not able to visit the library on that one occasion due to his failure to follow the instructions of the escorting officer. Defendants aver that the only way Plaintiff ties in his equal protection claim is that he contends Defendant Dasher told him no one was going to the library but he noticed other inmates being granted access to the law

3

library. Defendants assert that Plaintiff's bare assertion does not rise to the level of an equal protection violation, especially in light of the Court's finding that Plaintiff was not denied access to the law library.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Center, 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed.2d 313 (1985) (quoting Plyler v. Doe, 457 U.S. 202, 216, 102 S. Ct. 2382, 2394, 72 L. Ed.2d 786 (1982)). "Prisoners are protected under the Equal Protection Clause of the Fourteenth Amendment from invidious discrimination based on race ." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S. Ct. 2963, 2974, 41 L. Ed.2d 935 (1974). In order to show an equal protection violation, the plaintiff must show that the defendants acted with the intent to discriminate against him. See McCleskey v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed.2d 262 (1987); E & T Realty v. Strickland, 830 F. 2d 1107, 1112-13 (11th Cir. 1987).

Defendants have come forth with evidence that, even if Plaintiff were discriminated against, he fails to allege that this discrimination was based on a constitutionally protected reason. In addition, Defendants submitted the affidavit of Jennifer Clark, who is a secretary at GSP assigned to the Special Management Unit ("SMU"). In her affidavit, Clark states that her review of the SMU law library logbook reveals that Plaintiff attended the law library on: May 3, 2001; June 28, 2001; July 25, 2001; September 7, 2001; October 10, 2001; November 13, 2001; December 11, 2001; and February 6, 2002. Clark also states that Plaintiff requested to use the law library on September 30, 2003, but when Officer

AO 72A
(Rev. 8/82)

Simmons arrived at Plaintiff's cell to take him to the library on October 8, 2003, Plaintiff refused to follow Simmons' instructions and was denied use of the library on that occasion. (Doc. No. 22, Ex. D, ¶ 3; Ex. E, Law Library Log.) In contrast, Plaintiff has offered nothing to create a genuine issue of material fact as to whether Defendants violated his right to equal protection by denying him access to the law library.

## CONCLUSION

Based on the foregoing, Defendants' Unopposed Motion for Summary Judgment (Doc. No. 21) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. The Clerk of the Court is authorized and directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 1st day of July, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)

# United States District Court
## *Southern District of Georgia*

PEEPLES
_____ )

vs                          ) CASE NUMBER  CV603-127

DASHER, ET AL
_____ ) DIVISION  STATESBORO

The undersigned, a regularly appointed and qualified deputy in the office of the Clerk of this district, while conducting the business of the Court for said division, does hereby certify the following:

1. Pursuant to the instructions from the Court and in the performance of my official duties, I personally placed in the United States Mail a sealed envelope and properly addressed to each of the persons, parties or attorneys named below; and

2. That the aforementioned enveloped contained a copy of the document dated 7/1/05 , which is part of the official record of this case.

Date of Mailing:  7/1/05

Date of Certificate  ☒ same date,  or _____

Scott L. Poff, Clerk

By: /s/ Sherry Taylor
Sherry Taylor, Deputy Clerk

**Name and Address**

John Cannon
Charles Peebles, 4285 Robinson Court, Macon, GA 31204

☐ Copy placed in Minutes
☐ Copy given to Judge
☒ Copy given to Magistrate